UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRY BUCHANAN, CDCR #G-56171,<br><br>                               Plaintiff,<br><br>vs.<br><br>Dr. A. GARIKAPARTHI, Primary Care Physician; Dr. S. ROBERTS, Chief Medical Executive; J. CLARK KELSO, Receiver; DANIEL PARAMO, Warden,<br><br>                               Defendants. | Case No.: 15cv0059 BEN (MDD)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING DEFENDANTS KELSO AND PARAMO**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT UPON REMAINING DEFENDANTS** |

Plaintiff Torry Buchanan, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)

On May 14, 2015, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Complaint *sua sponte* for failing to state a claim upon which section 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*See*

Docket No. 3, May 14, 2015 Order at 9.) Plaintiff's Complaint alleged all Defendants violated his Eighth Amendment right to adequate medical care; however the Court found Plaintiff failed to include any factual allegations to explain how Defendants Roberts, Kelso, and Paramo were individually liable (*id.* at 5-6), and failed to further allege any facts sufficient to show that Defendant Garikaparthi acted with "deliberate indifference" to a serious risk to his health or safety. (*Id.* at 6-8.) Plaintiff was provided an explanation of the deficiencies in his pleading, granted leave to amend, and cautioned that any claims not included in his First Amended Complaint ("FAC") would be considered waived. (*Id.* at 9 (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012))). Plaintiff has since filed a FAC. (Docket No. 4.)

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

As Plaintiff knows, the Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing section 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a

complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

In addition, the court "ha[s] an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Defendants Kelso and Paramo

First, the Court finds *sua sponte* dismissal of Defendants Kelso and Paramo is required because, while they were included as parties in Plaintiff's Complaint, the FAC omits all reference to them and alleges no causes of action against either of them.

"[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey*, 693 F.3d at 927; *see also Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (after amendment the original pleading no longer performs any function and is "treated thereafter as non-existent"). Therefore, all claims not re-alleged as to these parties in Plaintiff's FAC are hereby

considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey*, 693 F.3d 896; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the Court dismisses Defendants Kelso and Paramo from this matter pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

### C. Defendants Garikaparthi and Roberts

In the FAC, Plaintiff claims that he suffered from a "severe and painful infection in [his] big toe" from October 2012 through May 2015, and that he "repeatedly complained" to Dr. Garikaparthi, his primary care physician at RJD, that the bandages and foot cream he had prescribed were "superficial" and "did not [e]ffectively address the underlying problem of [his] infection." (FAC at 4.) Plaintiff alleges that as a result of Garikaparthi's "fail[ure] to take [his] condition seriously," the infection spread and ultimately resulted in the amputation of three toes. (*Id.*)

Plaintiff further contends that he informed Dr. Roberts, RJD's Chief Medical Officer, via "numerous letters" that he "was not receiving proper medical [treatment]," and that he "feared that [he] might lose [his] foot." (*Id.*) Plaintiff claims he "explained to Dr. Roberts that [his] big toe was infected," and that he was "in extreme pain," but "only being given bandages and foot cream." (*Id.*) Plaintiff contends Roberts "was aware of [his] condition," but acted with "deliberate indifference" to his medical needs by failing to "fulfill his obligation" to supervise Dr. Garikaparthi, which resulted in amputation. (*Id.*)

Based on these allegations, the Court now finds Plaintiff's FAC sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (prison officials may be held liable under the

---

[1] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Eighth Amendment if they act with deliberate indifference to serious medical needs); *id.* at 104-05 (deliberate indifference may be shown if prison officials "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed.").

Accordingly, the Court directs the U.S. Marshal to serve Defendants Garikaparthi and Roberts on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III.  Conclusion and Order

Good cause appearing, the Court:

1. **DIRECTS** the Clerk of Court to dismiss Defendants KELSO and PARAMO as parties to this action.

2. **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's FAC upon Defendants GARIKAPARTHI and ROBERTS and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Court **DIRECTS** the Clerk to provide Plaintiff with a certified copy of this Court's May 14, 2015 Order Granting Plaintiff's Motion for Leave to Proceed IFP, a certified copy of his FAC, and the summons so that he may serve Defendants GARIKAPARTHI and ROBERTS. Once he receives this "IFP Package," the Court **ORDERS** Plaintiff to complete the USM Form 285s as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal, upon receipt of Plaintiff's completed USM Form 285s, to timely serve a copy of Plaintiff's FAC and summons upon each Defendant as directed by Plaintiff. All costs of that service will be advanced by the United States.

///

4.     **ORDERS** Defendants, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration. Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants, or counsel for Defendants, and the date of that service.

Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

**IT IS SO ORDERED.**

DATED: November 2, 2015

HON. ROGER T. BENITEZ
United States District Judge