UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRY BUCHANAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DR. A. GARIKAPARTHI, et al.,<br><br>　　　　　Defendants. | Case No.: 15cv59-BEN-MDD<br><br>**ORDER DENYING MOTION TO APPOINT PRO BONO COUNSEL**<br><br>**[ECF No. 10]** |

On May 23, 2016, Plaintiff moved for appointment of counsel. (ECF No. 10). The Court has reviewed the submission and **DENIES** Petitioner's Motion for the reasons stated below.

Plaintiff claims that he is unable to afford counsel. He further claims that, "[i]mprisonment will greatly limit his ability to litigate." He explains that the issues he is faced with in this case will require a significant amount of research and investigation, which is difficult due to his limited access to law libraries and limited knowledge of the law. Plaintiff further argues that he needs counsel appointed for trial purposes. Finally, Plaintiff mentions his comprehension is below average. Plaintiff does not attach any exhibits in support of his claims.

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent

indigent civil litigants upon a showing of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has litigated this case for over a year without assistance of counsel. In that time, Plaintiff has demonstrated an ability to articulate his claims and his pleading survived the early screening process. (*See* ECF No. 1, 3, 4). While the Court acknowledges that Plaintiff claims his comprehension is below average, Plaintiff has not supported that claim with any evidence. Further, Plaintiff's remaining claims are not particularly complex, and although sufficiently plead to survive screening Plaintiff has not demonstrated a likelihood of success on the merits. Thus, Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel.

In light of Plaintiff's present ability to articulate his claims and the complexity of the case, Plaintiff's Motion for the Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: May 27, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge