UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRY BUCHANAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. A. GARIKAPARTHI, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 15cv59-BEN-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 44]** |

On May 28, 2017, Plaintiff moved for the appointment of counsel. (ECF No. 44). Plaintiff requests counsel be appointed to assist him because he is an indigent prisoner, Plaintiff is a layperson with "limited access to the law library and limited knowledge of the law," and Plaintiff "does not have the experience of legal qualifications to confront testimony or to cross examine" Defendants' expert witnesses or to present his own evidence. (*Id.* at 1-2). In support, Plaintiff attaches Defendant Garikaparthi's expert witness designation and expert report. (*Id.* at 4-143). For the reasons stated herein, the Court **DENIES** Plaintiff's motion.

There is no constitutional right to counsel in civil cases. *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 25 (1981). District courts have

discretion to appoint counsel to represent an indigent civil litigant, but this discretion is rarely exercised and only under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has litigated this case for over two years without assistance of counsel. In that time, Plaintiff has demonstrated an ability to articulate his claims, his pleading survived the early screening process, and he participated in a Mandatory Settlement Conference before this Court on May 26, 2017. (*See* ECF Nos. 1, 3, 4, 13, 25, 42). Additionally, Plaintiff's remaining claims are not particularly complex, and although sufficiently plead to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits. Accordingly, Plaintiff has not demonstrated "exceptional circumstances" and his motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 1, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge