# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRY BUCHANAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. A. GARIKAPARTHI and DR. S. ROBERTS,<br><br>　　　　　　　　　Defendant. | Case No.: 3:15-CV-00059-BEN-MDD<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 48, 61]** |

Plaintiff Torry Buchanan ("Plaintiff") is incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego. He is proceeding *pro se* and *in forma pauperis*, with a civil Complaint and First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. (Docket Nos. 1, 4.) Presently before the Court is Defendants Dr. A. Garikaparthi and Dr. S. Roberts' Motion for Summary Judgment. (Docket No. 48.)

On October 16, 2017, the Honorable Mitchell D. Dembin issued a thoughtful and thorough Report and Recommendation, recommending that the Defendants' Motion be granted. (Docket No. 61.) Objections to the Report and Recommendation were due by

1

October 30, 2017. (*Id.*) On November 1, 2017, the Court received a self-styled document dated October 29, 2017 from Plaintiff captioned 'Opposition to Court's Judgment for Summary Judgment'. (Docket No. 67.) A Notice of Document Discrepancy was generated regarding the filing and the Court ordered the document filed *nunc pro tunc* to October 31, 2017.[1] (Docket No. 66.) Defendant did not file any specific objections. For the reasons that follow, the Report and Recommendation is **ADOPTED**.

## BACKGROUND

The Report and Recommendation carefully details the relevant factual background of this case, which the Court incorporates by reference.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Plaintiff generally objects to the Report's conclusion that he failed to state a claim against Defendants Dr. A. Garikaparthi and Dr. S. Roberts ("Defendants") for deliberate

---

[1] Upon the submission of the document, the following discrepancies were noted: (1) missing proof of service as required by Civ. L. Rule 5.2, and (2) Objections are not timely per Order dated 8/29/2017 (ECF No. 57), requiring objections to be filed by 9/19/2017.

indifference to his serious medical need in violation of the Eighth Amendment. (Docket No. 4 at 2-4.) Both of Plaintiff's claims are related to Defendants' alleged failure to provide adequate medical treatment that led to the amputation of three of Plaintiff's toes. (*Id*. at 3-4.) Having conducted a *de novo* review, the Court adopts the Report and Recommendation in full.

Plaintiff's Complaint and FAC allege two claims. (*Id*.) Claim 1 alleges that Defendant Dr. Garikaparthi violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide Plaintiff with adequate medical treatment. (*Id*. at 3.) Claim 2 alleges that Defendant Dr. Roberts similarly violated Plaintiff's Eighth Amendment right by not fulfilling his obligation in his supervisory capacity to ensure that Plaintiff's medical needs were being adequately met. (*Id*. at 4.) In essence, Plaintiff alleges the Defendants were aware of the serious medical condition in his right foot big toe, and did not take reasonable steps to minimize the risk caused by the infection or protect him from injury, in this case, amputation of three toes. (*Id*.)

"The Constitution 'does not mandate comfortable prisons[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). "[B]ut neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[.]'" (*Id*. at 832 (quoting *Helling v. McKinney,* 509 U.S. 25, 31 (1993)). Among other protections, the Eighth Amendment "imposes duties on [prison] officials, who must . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" (*Id.* at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)).

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must allege facts to indicate that a defendant was "deliberate[ly] indifferen[t]" to his "serious medical needs." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This includes allegations under "both an objective standard – that the deprivation was serious enough to constitute cruel

and unusual punishment – and a subjective standard – deliberate indifference." (*Id.* at 1066 (quoting *Snow v. McDaniel,* 681 F.3d 978, 985 (9th Cir. 2012)).

Plaintiff's Objection states in pertinent part "…relys on all of the points and authorities cited within his Complaint." (Docket No. 67.) *Pro se* pleadings and briefs are to be construed liberally. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990). When a *pro se* plaintiff technically violates a rule, the Court should act with leniency toward the *pro se* litigant. *Motoyama v. Haw. Dep't of Transp.*, 864 F. Supp. 2d 965, 975 (D. Haw. 2012); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Granting Plaintiff great latitude in interpreting his Objection, the Court believes he is objecting to the Report on two grounds: 1) that he sufficiently alleged a serious medical need, and 2) that he sufficiently alleged deliberate indifference. Aside from the aforementioned, the Plaintiff does not raise any specific objections to the Motion for Summary Judgment or Magistrate Judge Dembin's Report. Plaintiff's objections are unfounded.

First, the Report provides a thorough analysis of the facts of the case and ultimately determines that under the circumstances, it would be likely that a trier of fact would determine that Plaintiff's complaints amounted to a serious medical condition. (Docket No. 61 at 12-13.) The Court, having reviewed the Plaintiff's objection, agrees with Magistrate Judge Dembin's conclusion. Therefore, Plaintiff's objection on this ground is moot.

Second, as to the sufficiency of Plaintiff's allegations regarding deliberate indifference, the Court agrees that Plaintiff did not allege specific facts from which it may infer any of the Defendants acted with deliberate indifference. "A prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell*, 763 F.3d at 1066 (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Colwell*, 763 F.3d at

1066 (quoting *Farmer*, 511 U.S. at 837) (internal quotations marks omitted). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" (*Id.*) at 1066 (quoting *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988)). However, a plaintiff must allege that one or more defendants acted with more than lack of ordinary due care. (*Id.* at 1066 (citing *Farmer*, 511 U.S. at 835)).

In his objection, Plaintiff merely directs the Court to "…the points and authorities cited within his complaint." (Docket No. 67.) Even doing so, the Court notes Plaintiff only provides his own general assumptions and legal conclusions that: 1) both Defendants were aware he had a serious infection in his foot that was rapidly progressing; 2) both Defendants failed to take reasonable measures to eliminate the infection and prevent future recurrence by providing appropriate medical care, therapy and accommodation; and 3) both Defendants were therefore deliberately indifferent to his serious medical needs. Each of these grounds is refuted by the analysis provided in the Report. (Docket No. 61.) Likewise, he argues without providing any factual basis that "Defendants course of treatment was medically unacceptable [sic][.]" (Docket Nos. 1 and 4.) Again, unfounded and refuted by the Report.

The Court finds Magistrate Judge Dembin's analysis sound. In particular, the Report provides thorough analysis tailored to each of the Individual Defendants that explains in detail the insufficiency of the Complaint and FAC's deliberate indifference allegations, both in their individual and supervisory capacities as alleged in Plaintiff's Complaint and FAC. In short, the Court agrees that Plaintiff's Complaint and FAC fail to set forth facts to suggest either of the Defendants acted with deliberate indifference, and incorporates by reference Magistrate Judge Dembin's analysis on this issue.

## CONCLUSION

The Court has considered and agrees with Magistrate Judge Dembin's Report and Recommendation, and **ADOPTS** the Report and Recommendation in its entirety.

(Docket No. 61.) Defendants' Motion for Summary Judgment is **GRANTED**. (Docket No. 48.)

The Clerk shall enter judgment in favor of Defendants and against Plaintiff on all claims and close the case.[2]

**IT IS SO ORDERED.**

Dated: November 2, 2017

*[signature]*
Hon. Roger T. Benitez
United States District Judge

---

[2] Pursuant to Federal Rule of Civil Procedure 54, the Court finds there is no just reason to delay the entry of judgment on the claims between Plaintiff and Defendants.