FILED
APR 18 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRY BUCHANAN,<br>Plaintiff,<br>v.<br>DANIEL PARAMO, Warden,<br>Defendant. | Case No.: 15-CV-00059-BEN-MDD<br><br>**ORDER DENYING EX PARTE MOTION TO REOPEN CASE**<br><br>[Doc. Nos. 78, 80.] |

Before this Court are two *Ex Parte* Motions to Reopen Case filed by Plaintiff Torry Buchanan. ("Plaintiff") (Doc. Nos. 78, 80.)

For the reasons described below, the Motions are **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff is incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. Prior to the dismissal of his First Amended Complaint ("FAC"), Plaintiff was proceeding *pro se* and in *forma pauperis*. As Plaintiff currently remains an involuntary resident of RJD, his financial and legal status have not likely changed significantly.

## II. PROCEDURAL BACKGROUND

On November 2, 2017, the Court issued an Order granting Defendant's Motion for Summary Judgment and entered a Clerk's Judgment on the docket. (Doc. Nos. 68, 69.) Plaintiff filed a Notice of Appeal to the 9th Circuit on January 3, 2018. (Doc. No. 71.) The appeal was denied on March 28, 2018. (Doc. Nos. 75, 76.) On December 10, 2018,

Plaintiff filed an *Ex Parte* Motion to Reopen Case. (Doc. No. 78.) On March 4, 2019, Plaintiff filed a second document titled *Ex Parte* Motion to Reopen Case. (Doc. No. 80.)

## III. DISCUSSION

Plaintiff requests the case be reopened because the delay in providing appeal notice to prison officials was due to circumstances allegedly out of his control.

In this case, the Motions were filed by the Plaintiff more than a year after judgment was entered on November 2, 2017. As a result, the Court construes them as seeking reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6).

Rule 60 reconsideration is generally appropriate in only three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *Sch. Dist. No. 1J Multnomah Cnty., Or. v. A CandS, Inc.* 5 F.3d 1255, 1262 (9th Cir. 1993).

Plaintiff asserts in both of his Motions that his "Notice of Appeal was delivered to prison officials on December 29, 2017, that resulted in a delay" leading to the United States Court of Appeals denying his appeal petition for lack of jurisdiction. (Doc. Nos. 78, 80 at 2.) "This was due to the Appellant having 'No-Access' to personal property including court documents, which were being held by Richard Donovan Correctional department property officers." (Doc. No. 80 at 2.)

Plaintiff has not satisfied the Rule 60 requirement to re-open a case. He has not shown an intervening change in the law that would justify the Court reopening this case

2

one year after summary judgment was granted. Plaintiff submits no new evidence materially affecting the Court's prior Order granting summary judgment for the Defendant. Nor has Plaintiff shown that a clear error causing manifest injustice has occurred requiring reconsideration. Thus, the Court hereby DENIES <u>both</u> of Plaintiff's *Ex Parte* Motions to Reopen Case.

## IV. CONCLUSION

For all the reasons discussed above, <u>both</u> of Plaintiff's *Ex Parte* Motions to Reopen Case are **DENIED**. The case shall remain closed.

**IT IS SO ORDERED.**

Dated: 4/17/2019

HON. ROGER T. BENITEZ
United States District Judge